**FILED**

**JANUARY 11, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 260**

| | |
|---|---|
| BALLARD NURSING CENTER, INC., | |
| Plaintiff, | |
| v. | No. |
| ACCUBUILT, INC. and JOHN DOES 1-10, | JURY DEMAND |
| Defendants. | |

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE ASHMAN**

### NOTICE OF REMOVAL

Defendant, Accubuilt, Inc. ("Accubuilt"), by and through its attorneys, and pursuant to 28

U.S.C. §§ 1441, 1446, 1453, and 1367, hereby removes this action from the Circuit Court of

Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In

support of its Notice of Removal, Accubuilt states:

1.    This action was commenced on or about December 7, 2007, when Plaintiff,

Ballard Nursing, Inc. ("Ballard" or "Plaintiff"), filed a putative Class Action Complaint ("Class

Action Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery

Division under court number 07 CH 36133. Copies of the Service of Process, Summons, and

Complaint served upon Accubuilt are attached hereto as Group Exhibit A.

2.    In its Class Action Complaint, Ballard alleges that Accubuilt sent to it an

"unsolicited fax advertisement" in violation of the Telephone Consumer Protection Act, 47

U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

(Complaint, ¶¶ 21 and 31, respectively.) Ballard also alleges that the sending of the facsimile

constituted "conversion" under Illinois common law. (*Id.*, ¶ 50.) Ballard's Class Action

Complaint seeks actual and statutory damages on behalf of Ballard and all other similarly situated persons. (*Id.*, ¶ 29.)

3.     Accubuilt and Ballard are citizens of different states.

4.     Ballard is an Illinois corporation with its principal place of business, on information and belief, in Cook County, Illinois. (Complaint, ¶ 3.)

5.     Accubuilt is a Delaware corporation, with its principal place of business in Lima, Ohio.

6.     Accubuilt was served with Ballard's Complaint and Summons on December 14, 2007.

7.     This action may be removed to this Court because federal question jurisdiction exists over this dispute pursuant to 28 U.S.C. § 1331.  Moreover, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453.

8.     Because Plaintiff's alleged claim under the TCPA arises under federal law, this action could have been brought in the United States District Court pursuant to 28 U.S.C. § 1331. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) ("[R]emoval [of a putative TCPA class action] is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law."); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.,* No. 06 C 0949, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006 (holding that remand of a TCPA action would be improper because subject matter jurisdiction for such claims exists under 18 U.S.C. § 1331) (a copy of which is attached hereto as Exhibit B).

9.     Diversity jurisdiction exists under 28 U.S.C. 1332(d) and the Class Action Fairness Act because Ballard and Accubuilt are citizens of different states.  Additionally, the

CHICAGO/#1734347.1

facsimiles at issue were sent to over 12,000 recipients. Accordingly, the amount in controversy exceeds the statutory minimum for jurisdiction.

10.    This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims under 28 U.S.C. § 1367(a) because the claims in this case arise out of the same case or controversy.

11.    This Notice of Removal is timely in that it is filed within 30 days from the date Accubuilt received a copy of the Summons and Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons…").

12.    Accubuilt will give written notice of the filing of this Notice and a copy of this Notice will be filed with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Accubuilt, Inc., hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

ACCUBUILT, INC.

By:  s/ Thomas P. Cimino, Jr.
                    One of Its Attorneys

CHICAGO/#1734347.1

Thomas P. Cimino, Jr., Esq.
Brian W. Ledebuhr, Esq.
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Telephone:  312/609-7500
Facsimile:  312/609-5005
Firm ID No. 44284
Dated:  January 11, 2008