# EXHIBIT A

**08 C 260**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE ASHMAN**

JAN. 3. 2008  5:34PM    ACORDIA                                              NO. 831    P. 2

**CT CORPORATION**
A Wolters Kluwer Company

**Service of Process Transmittal**
12/14/2007
CT Log Number 512887393

TO: Dale A Schroeder, Vice President-Finance
Accubuilt, Inc.
2550 Central Point Pkwy
LIMA, OH 45804

RE: **Process Served in Ohio**

FOR: Accubuilt, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Ballard Nursing Center, Inc., Pltf. vs. Accubuilt, Inc. and John Does 1-10, Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Notice, Exhibit(s) |
| COURT/AGENCY: | Cook County Circuit Court, IL<br>Case # 07CV36133 |
| NATURE OF ACTION: | Class Action - Sending of unsolicited fax advertisements in violation of Telephone Consumer Protection Act |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Cleveland, OH |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/14/2007 at 12:04 |
| APPEARANCE OR ANSWER DUE: | within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Daniel A. Edelman<br>Edelman, Combs, Lattumer & Goodwin, LLC<br>120 S. LaSalle St.<br>18th Floor<br>Chicago, IL 60603<br>312-739-4200 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 790404727558 |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Debra Justice<br>1300 East 9th Street<br>Suite 1010<br>Cleveland, OH 44114<br>216-621-4270 |

Page 1 of 1 / LW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

JAN. 3. 2008  5:34PM     ACORDIA                                              NO. 831    P. 3

| 2120 – Served | 2121 – Served | |
|---|---|---|
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS – SUMMONS | CCG N001-10M-1-07-05 ( ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

BALLARD NURSING CENTER, INC.,

v.

ACCUBUILT, INC., and JOHN DOES 1-10,

No. 07CH36133

Accubuilt, Inc.,
c/o CT Corporation System
1300 E. 9th Street
Cleveland, OH 44114

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

☐ District 2 – Skokie          ☐ District 3 – Rolling Meadows     ☐ District 4 – Maywood
  5600 Old Orchard Rd.           2121 Euclid                         1500 Maybrook Ave.
  Skokie, IL 60077               Rolling Meadows, IL 60008           Maywood, IL 60153

☐ District 5 – Bridgeview       ☐ District 6 – Markham             ☐ Child Support
  10220 S. 76th Ave.             16501 S. Kedzie Pkwy.               28 North Clark St., Room 200
  Bridgeview, IL 60455           Markham, IL 60426                   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____DEC 07 2007_____

Atty. No.: 41106
Name: Edelman, Combs, Latturner, & Goodwin, LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle Street
City/State/Zip: Chicago, IL 60603
Telephone: 312.739.4200

DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: ___ (312)  419-0379
                                                          (Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| BALLARD NURSING CENTER, INC., | ) |
| Plaintiff, | ) |
| v. | ) 07 CH 36133 |
| ACCUBUILT, INC., and JOHN DOES 1-10, | ) |
| Defendants. | ) |

## COMPLAINT -- CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.  Plaintiff Ballard Nursing Center, Inc. brings this action to secure redress for the actions of defendant Accubuilt, Inc. in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.  The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3. Plaintiff Ballard Nursing Center, Inc. is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

4. Defendant Accubuilt, Inc. is a Delaware corporation that has offices at 2550 Central Point Pkwy., Lima, OH 45804. Its registered agent and office are CT Corporation System, 1300 E. 9th Street, Cleveland, OH 44114.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

## FACTS

7. On or about September 25, 2006, plaintiff Ballard Nursing Center, Inc. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8. On or about October 9, 2006, plaintiff Ballard Nursing Center, Inc. received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

9. Discovery may reveal the transmission of additional faxes as well.

10. Defendant Accubuilt, Inc. is responsible for sending or causing the sending of the faxes.

11. Defendant Accubuilt, Inc. as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

12. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

14. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

16. Plaintiff incorporates ¶¶ 1-15.

17. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18. The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation,

3

whichever is greater, or

(C) both such actions.

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

20. Plaintiff and each class member is entitled to statutory damages.

21. Defendants violated the TCPA even if their actions were only negligent.

22. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Accubuilt, Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Accubuilt, Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

24. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

4

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28. Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic

5

Solutions. LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group. LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta. Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

29. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

30. Plaintiff incorporates ¶¶ 1-15.

31. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

32. Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

33. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

34. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

35. Defendants engaged in such conduct in the course of trade and commerce.

36. Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

37. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

39. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date three years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Accubuilt, Inc., and on or before a

7