date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Accubuilt, Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

40. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

41. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

  a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

  b. Whether defendants thereby violated the TCPA;

  c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

  d. Whether defendants thereby converted the property of plaintiff.

42. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible

8

to bring individual actions.

44. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

  a. Appropriate damages;

  b. An injunction against the further transmission of unsolicited fax advertising;

  c. Attorney's fees, litigation expenses and costs of suit;

  d. Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

45. Plaintiff incorporates ¶¶ 1-15

46. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

47. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

48. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

49. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

9

50. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

51. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

52. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date five years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant Accubuilt, Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Accubuilt, Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

53. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby committed the tort of conversion;

10

  d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

  e. Whether defendants thereby converted the property of plaintiff.

55. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

  a. Appropriate damages;

  b. An injunction against the further transmission of unsolicited fax advertising;

  c. Costs of suit;

  d. Such other or further relief as the Court deems just and proper.

11

_/s/ Daniel A. Edelman_

Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\18292\Pleading\Complaint_Pleading.wpd

JAN. 3. 2008 5:38PM   ACORDIA                                          NO. 831   P. 17

# EXHIBIT A

JAN. 3. 2008  5:38PM    ACORDIA                              NO. 831    P. 18

SALES •(800) 837-8624 • FAX •(574)262-1392• Ext. 122      
ACCUBUILT.

# ORDER NOW AND RECIEVE
# A FREE 5.4L ENGINE UPGRADE ON
# OUR 2006 FORD EXTENDED E-250 VAN

# $875.00
# COST SAVINGS!
## LIMITED SUPPLY!!

•EPA fuel economy ratings City 15/hwy 20•
Only a 1 mpg difference when compared to a
SMALLER LESS POWERFULL 4.6L V8!!

**Chassis Specs:**

- 5.4 Liter EFI V-8 engine

- Electronic 4-speed automatic transmission with overdrive

- Transmission cooler

- 110-amp alternator

- Heavy-duty springs and shocks

- 8,600 lbs. GVWR load capacity (3,700 lbs/front axle, 5,360 lbs/rear axle)

- Power-assisted steering with adjustable-tilt steering column

- Front-cabin air conditioner/heater control

- Tinted safety glass windows

- 35-gallon capacity fuel tank



ACCUBUILT.
*The Leading Manufacturer of Specialty Vehicles.*

Contact _____

SALES •(800) 837-8624• Ext. 122
Please Use Promo Code: FAX

To be removed from our list immediately go to www.deletemyfaxnumber.com enter PIN# 13463 or call 877-284-7887. To be removed from our list within 30 days write your 10-digit fax number on this fax and fax this document back to 877-225-6262.

JAN. 3. 2008  5:39PM    ACORDIA                                    NO. 831    P. 19

# EXHIBIT B



**ACCUBUILT**
The Best Built Vans In The Industry



1-888-242

*We are scaring the competition with our "RAPID" delivery times*