JUDGE GETTLEMAN
MAGISTRATE JUDGE ASHMAN

08 C 260

**EXHIBIT B**

Westlaw.

Slip Copy                                                                         Page 1
Slip Copy, 2006 WL 1132386 (N.D.Ill.)
**(Cite as: Slip Copy)**

**H**

G.M. Sign, Inc. v. Franklin Bank, S.S.B.
N.D.Ill.,2006.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern
Division.
**G.M. SIGN, INC.**, an Illinois corporation, indi-
vidually and as the representative of a class of sim-
ilarly-situated persons, Plaintiff,
v.
FRANKLIN BANK, S.S.B., Defendant.
**No. 06 C 0949.**

April 19, 2006.

Phillip A. Bock, Philip A. Bock, P.C., Chicago, IL,
Brian J. Wanca, Ryan M. Kelly, Anderson &
Wanca, Rolling Meadows, IL, for Plaintiff.
Brian P. Perryman, Cynthia Gilman, Mitchel H.
Kider, Weiner Brodsky Sidman Kider PC, Wash-
ington, DC, Daniel Matthew Noland, Renee Lynn
Zipprich, Dykema Gossett PLLC, Chicago, IL, for
Defendant.

*MEMORANDUM OPINION*

KOCORAS, Chief J.
**\*1** This matter comes before the Court on De-
fendant's, Franklin Bank ("Franklin"), motion to
dismiss and motion for costs and to stay further
proceedings, and Plaintiff's, G.M. Sign, Inc.
("G.M.Sign"), motion for remand and motion for
leave to file an amended complaint to withdraw
counts I and II.

*BACKGROUND*

On May 10, 2005, G.M. Sign filed a putative
class action complaint in Illinois state court claim-
ing that Franklin violated the Federal Telephone
Consumer Protection Act ("TCPA"), common law
conversion, and the Illinois Consumer Fraud and
Deceptive Business Practices Act. The complaint
alleges that wrongdoing resulted from Franklin's
unsolicited transmission of advertising via facsim-

ile to G.M. Sign and a putative national class. Be-
cause it is pertinent to the present motions, it
should be noted that within the TCPA claim, G.M.
Sign alleges that Franklin violated 47 U.S.C. §
227(b) and 47 U.S.C. § 227(d), and its underlying
regulation 47 C.F.R. § 68.318(d).

On July 5, 2005, the case was removed to this
Court. Sixteen days later, on July 21, 2005, G.M.
Sign voluntarily dismissed the action pursuant to
Federal Rule of Civil Procedure 41(a). That same
day, G.M. Sign filed a second action in Illinois state
court alleging the same claims. On August 26,
2005, the second action was removed to this court
and, subsequently, we dismissed that action without
prejudice for insufficient service. On November 14,
2005, G.M. Sign again filed suit in Illinois state
court asserting the same claims, and again, on Feb-
ruary 21, 2006, the case was removed to this Court.

On February 23, 2006, Franklin moved to dis-
miss the complaint for failure to state a claim. On
March 3, 2006, G.M. Sign moved to remand the
case to state court on the theory that we do not have
subject matter jurisdiction over the complaint. G.M.
Sign subsequently filed a motion for leave to
amend the complaint to withdraw counts II and III
if the motion to remand was denied. Counts II and
III allege common law conversion and violation of
the Illinois Consumer Fraud and Deceptive Busi-
ness Practices Act, and are premised on state law.
On March 30, 2006, Franklin partially withdrew the
motion to dismiss count I as to the alleged violation
of 47 U.S.C. § 227(b) of the TCPA but left the mo-
tion intact as to 47 U.S.C. § 227(d) and 47 C.F.R. §
68.318(d).

*LEGAL STANDARDS*

A. Motion to Remand

A defendant may remove a case to federal
court if there is federal subject matter jurisdiction.
28 U.S.C. § 1441(a). A federal court has subject

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                    Page 2
Slip Copy, 2006 WL 1132386 (N.D.Ill.)
**(Cite as: Slip Copy)**

matter jurisdiction if there is diversity of citizenship or if the action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. If at any time after removal to federal court, and before final judgment, it becomes apparent that the district court lacks subject matter jurisdiction, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447.

B. Motion to Dismiss

**\*2** The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir.1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. *Bontkowsi v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir.1993). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir.1992).

The court must draw all reasonable inferences from the allegations in favor of the plaintiff, *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991), and the plaintiff can plead conclusions in addition to facts. *Kyle v. Morton High School,* 144 F.3d 448, 455 (7th Cir.1998). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim,"*id.,* and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims."*Perkins v. Silverstein,* 939 F.2d 463, 466-67 (7th Cir.1991).

*DISCUSSION*

Upon reviewing the motions presently before the Court, we think it best to address G.M. Sign's motions at the outset, first focusing on the motion to remand followed by the motion for leave to file an amended complaint to withdraw counts I and II. We will then turn our attention to Franklin's motion to dismiss and motion for costs and stay of further proceedings.

A. Motion to Remand

In support of the motion to remand, G.M. Sign asserts that the TCPA created a cause of action that could only be brought in state court. To support its claim, G.M. Sign submits that § 227(b)(3) of the TCPA did not provide a basis for federal jurisdiction because the statute expressly provided for TCPA actions to be brought in state court, but made no mention of a private remedy being available in federal court. The Seventh Circuit addressed this issue in *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 447 (7th Cir.2005).

In *Brill,* a plaintiff filed a class action suit in state court and, thereafter, the defendant filed a notice of removal. *Id.* The district judge remanded the case, ruling that "suits under the Telephone Consumer Protection Act never may be removed."*Id.* The defendant filed for certification of an interlocutory appeal and the Seventh Circuit granted the petition and reversed the district court's decision. *Id.* In so doing, the Court held that federal courts have jurisdiction over § 227(b)(3) TCPA claims under both § 1331 and § 1332, and that § 227(b)(3) did "not expressly override a defendant's removal rights."*Id.* at 450.

**\*3** G.M. Sign points to a number of outside authorities to support the contention that the TCPA did not create "arising under" jurisdiction pursuant to 28 U.S.C. § 1331. However, *Brill* is the only controlling authority on the issue, and clearly stands for the notion that federal courts have "arising under" jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331, and that such claims are

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                              Page 3
Slip Copy, 2006 WL 1132386 (N.D.Ill.)
**(Cite as: Slip Copy)**

thus removable under 28 U.S.C. § 1441. Therefore, we are bound by the *Brill* decision and, consequently, find that because subject matter jurisdiction exists under 28 U.S.C. § 1331, remand would be improper.

Finally, in its motion to remand, G.M. Sign requests that we certify the issue for appeal pursuant to 28 U.S.C. § 1292(b) so that the Seventh Circuit may reconsider the decision. In deciding whether or not to certify an interlocutory appeal, we must consider the following four criteria: "there must be a question of law, and it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation."*Ahrenholtz v. Bd. Of Trustees of the Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir.2000). Unless we find that all four criteria are met, we "may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)."*Ahrenholtz,* 219 F.3d at 676. "If the controlling court of appeals has ruled on a question, then no substantial ground for difference of opinion exists, and there is no reason for immediate appeal."*In re Brand Name Prescription drugs Antitrust Litig.,* 878 F.Supp. 1078, 1081 (N.D.Ill.1995) (*quotingIn re Folding Carton Antitrust Litig.,* 75 F.R.D. 727, 738 (N.D.Ill.1977).

As previously noted, although G.M. Sign points to a number of outside authorities to support its argument, there are no Seventh Circuit cases that directly oppose the *Brill* decision, as would be necessary to show that ground for difference of opinion exists. Consequently, we must follow the Seventh Circuit rulings on this issue and deny the motion for interlocutory appeal.

In the event that the motion for remand was denied, G.M. Sign moved for leave of court to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a) to withdraw counts II and III. Under Rule 15(a), the court shall grant leave to amend "when justice so requires." *Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previ-

ously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the court has sufficient reason to deny leave to amend. *Id.*Because Franklin does not oppose the motion, we conclude that no undue prejudice occurred and therefore, the motion is granted.

**B. Motion to Dismiss**

Turning to Franklin's motion to dismiss, it is important to note at the outset that because only count I of the complaint remains, we will only address the motion as it pertains to that count. Further, because Franklin has withdrawn the motion as to G.M. Sign's claims arising under § 227(b), we note our decision on the motion does not destroy our subject matter jurisdiction over the instant action.

**\*4** Franklin's motion to dismiss the contested portion of G.M. Sign's TCPA claim is predicated on the notion that no private right of action exists to enforce either § 227(d)(1)(B), or the proscribed regulation under § 68.13(d), because neither provision explicitly provides for such a remedy. G.M Sign's contrasting argument is, in essence, that the remedial nature of the TCPA supports a finding that a private cause of action does in fact exist under § 227(d)(1)(B) or § 68.13(d) by way of § 227(d)(1)(B) which provides, in relevant part, that a person may bring a cause of action under "this subsection or the regulations prescribed under this subsection."The Seventh Circuit has yet to comment and outside jurisdictions seem to be split on the issue. However, we find the holdings in *Lary v. Flasch Bus. Consulting,* 878 So.2d 1158, 1165 (Ala.Civ.App.2003) and *Klien v. Vision Lab Telecomns., Inc.,* 399 F.Supp.2d 528, 530 (S.D.N.Y.2005) to be helpful in our analysis.

In *Lary,* a plaintiff brought suit against a defendant for violations of subsection § 227(d)(1)(B). 878 So.2d 1158. Defendant filed a motion to dismiss for Plaintiff's failure to state a claim under § 227(d)(1)(B).*Id.* at 1160.The court granted defendant's motion to dismiss declaring that the plaintiff

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

failed to state a claim upon which relief could be granted because no language in § 227(b), which does explicitly create such a private cause of action, created a similar private cause of action for a violation of subsection (d) or the regulations prescribed under that subsection. *Id.* at 1165.Similarly, in *Klien,* plaintiffs brought suit against defendant for violations of § 227(b).399 F.Supp.2d at 530. Defendant filed a motion to dismiss plaintiffs' claim that defendant was liable for violating § 68.318(d).*Id.* The court granted defendant's motion to dismiss because § 68.318(d)"[did] not present an actionable claim under the TCPA."*Id.*

Like the plaintiffs in *Lary* and *Klien,* G.M. Sign's complaint asserts a private right of action for Franklin's alleged violations of § 227(d)(1)(B) and § 68.13(d). Although we note that § 227 is remedial in nature, in light of the fact that an explicit private right of action was excluded from § 227(d), whereas such is included in 47 U.S.C. 227(b) and (c), we do not think that a private right of action exists under 47 U.S.C. § 227(d)(1)(B) or 47 C.F.R. § 68.13(d). Our conclusion is further strengthened in that 47 U.S.C. § 227(f)(1) grants the "attorney general of a state, or an official or agency designated by a state" the broad authority to bring a civil action under "this *section* or the regulations prescribed under this *section.*"(emphasis added). It would appear that such a distinction was made between § 227(b) and § 227(f) in drafting § 227, no private cause of action was intended under § 227(d)(1)(B). Consequently, those portions of count I of G.M. Sign's complaint alleging TCPA violations under § 227(d)(1)(B) and § 68.13(d) are legally insufficient and, therefore, dismissed.

D. Motion for Costs

**\*5** Finally, Franklin moves for an award of costs pursuant to Fed. R. Civ. Proc. 41(d), in the amount of $507.35, incurred in defending the previously filed actions that were subsequently dismissed. In addition, Franklin requests that any further proceedings be stayed pending the tender of said amount. Rule 41(d) provides us with the dis-

cretion to order costs awarded and stay proceeding until said order is complied with where "a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant."G.M. Sign has submitted that a check was tendered to Franklin in the requested amount. Franklin has failed to provide evidence to the contrary and, consequently, Franklin's motion for costs is denied as moot.

### CONCLUSION

For the reasons set forth above, G.M. Sign's motion for remand is denied and its motion for leave to file an amended complaint to withdraw counts II and III is granted. Further Franklin's motion to dismiss Count I as it pertains to any alleged violations of 47 U.S.C. § 227(d) and 47 C.F.R. § 68.318(d) is granted and its motion for costs is denied as moot.

N.D.Ill.,2006.
G.M. Sign, Inc. v. Franklin Bank, S.S.B.
Slip Copy, 2006 WL 1132386 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.