**GROUP EXHIBIT B**

YM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

**JANUARY 11, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| BALLARD NURSING CENTER, INC., | **08 C 260** |
| Plaintiff, | |
| v. | No. |
| ACCUBUILT, INC. and JOHN DOES 1-10, | JURY DEMAND |
| Defendants. | |

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE ASHMAN**

## NOTICE OF REMOVAL

Defendant, Accubuilt, Inc. ("Accubuilt"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and 1367, hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of its Notice of Removal, Accubuilt states:

1. This action was commenced on or about December 7, 2007, when Plaintiff, Ballard Nursing, Inc. ("Ballard" or "Plaintiff"), filed a putative Class Action Complaint ("Class Action Complaint") in the Circuit Court of Cook County, Illinois, County Department, Chancery Division under court number 07 CH 36133  Copies of the Service of Process, Summons, and Complaint served upon Accubuilt are attached hereto as Group Exhibit A.

2. In its Class Action Complaint, Ballard alleges that Accubuilt sent to it an "unsolicited fax advertisement" in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). (Complaint, ¶¶ 21 and 31, respectively.) Ballard also alleges that the sending of the facsimile constituted "conversion" under Illinois common law. (*Id.*, ¶ 50.) Ballard's Class Action

CHICAGO/#1734347.1

Complaint seeks actual and statutory damages on behalf of Ballard and all other similarly situated persons. (*Id.*, ¶ 29.)

3.   Accubuilt and Ballard are citizens of different states.

4.   Ballard is an Illinois corporation with its principal place of business, on information and belief, in Cook County, Illinois. (Complaint, ¶ 3.)

5.   Accubuilt is a Delaware corporation, with its principal place of business in Lima, Ohio.

6.   Accubuilt was served with Ballard's Complaint and Summons on December 14, 2007.

7.   This action may be removed to this Court because federal question jurisdiction exists over this dispute pursuant to 28 U.S.C. § 1331. Moreover, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453.

8.   Because Plaintiff's alleged claim under the TCPA arises under federal law, this action could have been brought in the United States District Court pursuant to 28 U.S.C. § 1331. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005) ("[R]emoval [of a putative TCPA class action] is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law."); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 0949, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006 (holding that remand of a TCPA action would be improper because subject matter jurisdiction for such claims exists under 18 U.S.C. § 1331) (a copy of which is attached hereto as Exhibit B).

9.   Diversity jurisdiction exists under 28 U.S.C. 1332(d) and the Class Action Fairness Act because Ballard and Accubuilt are citizens of different states. Additionally, the

facsimiles at issue were sent to over 12,000 recipients. Accordingly, the amount in controversy exceeds the statutory minimum for jurisdiction.

10. This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims under 28 U.S.C. § 1367(a) because the claims in this case arise out of the same case or controversy.

11. This Notice of Removal is timely in that it is filed within 30 days from the date Accubuilt received a copy of the Summons and Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons...").

12. Accubuilt will give written notice of the filing of this Notice and a copy of this Notice will be filed with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Accubuilt, Inc., hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

    Respectfully submitted,

    ACCUBUILT, INC.

    By: s/ Thomas P. Cimino, Jr.
        One of Its Attorneys

Thomas P. Cimino, Jr., Esq.
Brian W. Ledebuhr, Esq.
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
Telephone: 312/609-7500
Facsimile: 312/609-5005
Firm ID No. 44284
Dated: January 11, 2008

- 4 -

CHICAGO/#1734347.1

**EXHIBIT A**

JAN. 3. 2008  5:34PM    ACORDIA                                          NO. 831    P. 2

## CT CORPORATION
A Wolters Kluwer Company

**Service of Process Transmittal**
12/14/2007
CT Log Number 512887393

TO: Dale A Schroeder, Vice President-Finance
Accubuilt, Inc.
2550 Central Point Pkwy
LIMA, OH 45804

RE: Process Served in Ohio

FOR: Accubuilt, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Ballard Nursing Center, Inc., Pltf. vs. Accubuilt, Inc. and John Does 1-10, Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Notice, Exhibit(s) |
| COURT/AGENCY: | Cook County Circuit Court, IL<br>Case # 07CV36133 |
| NATURE OF ACTION: | Class Action - Sending of unsolicited fax advertisements in violation of Telephone Consumer Protection Act |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Cleveland, OH |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/14/2007 at 12:04 |
| APPEARANCE OR ANSWER DUE: | within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Daniel A. Edelman<br>Edelman, Combs, Lattumer & Goodwin, LLC<br>120 S. LaSalle St.<br>18th Floor<br>Chicago, IL 60603<br>312-739-4200 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 790404727558 |
| SIGNED:<br>PER:<br>ADDRESS: | C T Corporation System<br>Debra Justice<br>1300 East 9th Street<br>Suite 1010<br>Cleveland, OH 44114 |
| TELEPHONE: | 216-621-4270 |

Page 1 of 1 / LW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery DIVISION

(Name all parties)

BALLARD NURSING CENTER, INC.,

v.

ACCUBUILT, INC., and JOHN DOES 1-10,

No. 07CH36133

Accubuilt, Inc.,
c/o CT Corporation System
1300 E. 9th Street
Cleveland, OH 44114

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie            ☐ District 3 - Rolling Meadows      ☐ District 4 - Maywood
   5600 Old Orchard Rd.              2121 Euclid                         1500 Maybrook Ave.
   Skokie, IL 60077                  Rolling Meadows, IL 60008           Maywood, IL 60153

☐ District 5 - Bridgeview        ☐ District 6 - Markham              ☐ Child Support
   10220 S. 76th Ave.                16501 S. Kedzie Pkwy.               28 North Clark St., Room 200
   Bridgeview, IL 60455              Markham, IL 60426                   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, DEC 07 2007

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Atty. No.: 41106
Name: Edelman, Combs, Latturner, & Goodwin, LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle Street
City/State/Zip: Chicago, IL 60603
Telephone: 312.739.4200

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: (312) 419-0379
                                                       (Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

BALLARD NURSING CENTER, INC.,           )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )
                                         )
ACCUBUILT, INC.,                         )
and JOHN DOES 1-10,                      )
                                         )
        Defendants.                      )



## COMPLAINT -- CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.  Plaintiff Ballard Nursing Center, Inc. brings this action to secure redress for the actions of defendant Accubuilt, Inc. in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.  The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

JAN. 3. 2008  5:35PM    ACORDIA                                NO. 831   P. 5

## PARTIES

3. Plaintiff Ballard Nursing Center, Inc. is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

4. Defendant Accubuilt, Inc. is a Delaware corporation that has offices at 2550 Central Point Pkwy., Lima, OH 45804. Its registered agent and office are CT Corporation System, 1300 E. 9th Street, Cleveland, OH 44114.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

## FACTS

7. On or about September 25, 2006, plaintiff Ballard Nursing Center, Inc. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8. On or about October 9, 2006, plaintiff Ballard Nursing Center, Inc. received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

9. Discovery may reveal the transmission of additional faxes as well.

10. Defendant Accubuilt, Inc. is responsible for sending or causing the sending of the faxes.

2