IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALLARD NURSING CENTER, INC., | |
| Plaintiff, | |
| v. | No. 08 C 260 |
| ACCUBUILT, INC. and JOHN DOES 1-10, | Judge Robert W. Gettleman |
| Defendants. | Magistrate Judge Martin C. Ashman |

**MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

Defendant Accubuilt, Inc. ("Accubuilt" or "Defendant"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), hereby moves to dismiss Counts II and III of the Class Action Complaint ("Complaint" or "Compl.") filed by Plaintiff, Ballard Nursing Center, Inc. ("Ballard" or "Plaintiff"). Defendant's Motion should be granted for the following reasons, and for the reasons set forth in the accompanying memorandum of law:[1]

1. The present Complaint filed by Plaintiff attempts to assert causes of action against Accubuilt for violation, *inter alia*, of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II) and conversion (Count III).

2. Plaintiff's Count II claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("Consumer Fraud Act" or "ICFA"), should be dismissed because it is nothing more than a conclusory allegation that is insufficient to state a

---

[1] Accubuilt's Motion to Dismiss is directed to Counts II and III of Plaintiff's three count Complaint. Accubuilt has not moved to dismiss Count I of the Complaint, which seeks recovery under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Sec. 227 (b)(1). To conserve judicial resources and fees and costs for all parties, Accubuilt respectfully moves this Court for an enlargement of time in which it must answer Count I of the Complaint to a date 20 days following either a denial of its current Motion to Dismiss or Plaintiff's filing of an Amended Complaint.

- 2 -

claim for relief under the ICFA. The sending of a facsimile ("fax") does not constitute unfair or deceptive conduct under the ICFA. Plaintiff does not contend that anything contained in the alleged faxes was false, misleading or deceptive. Instead, Plaintiff merely concludes that the mere transmission of the faxes was, itself, an "unfair practice." Accordingly, Count II should be dismissed.

3. Plaintiff fails to sufficiently plead a cause of action to support its Count III claim for conversion because, among other reasons, the paper, ink or toner used in connection with the faxes from Defendant are not specific chattel that can be the subject of a conversion claim. Moreover, Plaintiff does not allege that it ever made a demand for return of any amount of paper, ink or toner, as required to state a conversion claim. Therefore, Plaintiff's Count III claim for conversion should also be dismissed.

WHEREFORE, for all of these reasons, and the reasons set forth in the accompanying memorandum of law in support of this motion, Counts II and III of Plaintiff's Complaint should be dismissed.

Respectfully submitted,

ACCUBUILT, INC.

By: s/    Thomas P. Cimino, Jr.
       One of Its Attorneys

- 3 -

Thomas P. Cimino, Jr., Bar No. 06195940
Brian W. Ledebuhr, Bar No. 06294417
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
Dated: January 28, 2008

- 3 -

CHICAGO/#1739576.1