IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALLARD NURSING CENTER, INC.,

        Plaintiff,

v.

        No. 08 C 260

ACCUBUILT, INC. and JOHN DOES 1-10,

        Defendants.

        Judge Robert W. Gettleman

        Magistrate Judge Martin C. Ashman

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT

For its Memorandum in Support of its Motion to Dismiss Counts II and III of the Class Action Complaint ("Complaint" or "Compl.") filed by Plaintiff Ballard Nursing Center, Inc. ("Ballard" or "Plaintiff"), Defendant Accubuilt, Inc. ("Accubuilt" or "Defendant"), states as follows:[1]

### INTRODUCTION

Count II and Count III of Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) because Plaintiff has failed to sufficiently plead a cause of action for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II) and conversion (Count III). Plaintiff's Count II claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("Consumer Fraud Act" or "ICFA"), should be dismissed because the sending of a facsimile ("fax") does not constitute

---

[1] Accubuilt's Motion to Dismiss is directed to Counts II and III of Plaintiff's three count Complaint. Accubuilt has not moved to dismiss Count I of the Complaint, which seeks recovery under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Sec. 227 (b)(1). To conserve judicial resources and fees and costs for all parties, Accubuilt respectfully moves this Court for an enlargement of time in which it must answer Count I of the Complaint to a date 20 days following either a denial of its current Motion to Dismiss or Plaintiff's filing of an Amended Complaint.

unfair or deceptive conduct under the ICFA.  Plaintiff does not contend that anything contained in the alleged faxes was false, misleading or deceptive.  Rather, Plaintiff merely concludes that the mere transmission of the faxes was, itself, an "unfair practice."  (Compl. ¶ 33.)  This conclusory allegation is insufficient to state a claim for relief under the ICFA, and Count II should be dismissed.

Moreover, Plaintiff fails to plead a cause of action to support its Count III claim for conversion of "paper and ink or toner" (Compl. ¶ 46) in connection with the faxes it received from Defendant.  To state a claim for conversion in Illinois, Plaintiff must allege, among other requirements, wrongful or unauthorized assumption of control over property that can be identified as a "specific chattel."  Plaintiff fails to plead a cause of action for conversion because, among other reasons, the paper and ink or toner used in connection with the faxes at issue are not specific chattel that can be the subject of a conversion claim.  Moreover, Plaintiff does not allege that it ever made a demand for return of any amount of paper, ink or toner, as required to state a conversion claim.  Plaintiff's Count III claim for conversion, therefore, should also be dismissed.

## ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff Ballard  alleges in its Complaint that it is an Illinois corporation that maintains a fax machine in Cook County, Illinois.  (Compl. ¶ 3.)  Defendant, Accubuilt, is a Delaware corporation headquartered in Ohio.  (*Id*. ¶ 4.)

Plaintiff alleges that on or about September 25, 2006, and October 9, 2006, Plaintiff received faxes from Defendant.  (*Id.* ¶¶ 7, 8.)  Plaintiff alleges that each fax was an "unsolicited fax advertisement" and that Plaintiff had no prior relationship with Defendant.  (*Id.*  ¶¶ 7, 8, 12.)  Copies of the faxes that were allegedly sent by Defendant are attached as Exhibit A and Exhibit B to the Complaint.  (*Id.* ¶¶ 7, 8, Ex. A and B.)  Each fax is a single-page document.  (*Id.*, Ex. A and B.)

- 2 -

Plaintiff further seeks to maintain each count of its Complaint on behalf of a class of unidentified persons nationwide who allegedly received unsolicited fax advertisements from Defendant. (Compl. ¶¶ 23-29, 39-44, 52-57.)

## ARGUMENT

### I.    Standard for a Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires 'only a short and plain statement of the claim showing that the pleader is entitle to relief.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)[2]. When ruling on a motion to dismiss, a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1964-65. In making this determination, the Court may consider the contents of documents attached to or relied upon in the pleading. *See Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999) ("[d]ocuments attached to the complaint are incorporated into it and become part of the pleading itself.").

Moreover, while the allegations in a pleading and the reasonable inferences therefrom are accepted as true for purposes of a motion to dismiss, bald assertions, unsupported conclusions or inconsistent statements are not. *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993). The Court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates*

---

[2] Copies of all unreported decisions are attached hereto as Group Exhibit C, in the order in which they are cited.

*v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). Lastly, a court should not ignore facts alleged in the complaint that undermine a plaintiff's claim. *Arazie*, 2 F.3d at 1465.

**II.    Plaintiff's Claims Against Defendant Should be Dismissed**

    **A.    Plaintiff Has Not Alleged Facts Sufficient To Show A Violation Of The Illinois Consumer Fraud And Deceptive Business Practices Act.**

Plaintiff has failed to plead facts sufficient to support a cause of action under the ICFA. To state a claim under the ICFA, a plaintiff must allege: (1) a deceptive act or unfair practice by the defendant; (2) that the defendant intended that the plaintiff rely on that act or practice, or intent by the defendant to deceive, defraud or be unfair to the plaintiff; (3) that the deception or unfair practice occurred in the course of conduct involving trade and commerce. *W. Ry. Devices Corp. v. Lusida Rubber Prods.*, No. 06 C 0052, 2006 WL 1697119, at *4 (Grady, J.) (N.D. Ill. June 13, 2006).

        **1.    Plaintiff Has Failed to Allege That Defendant Engaged In Any "Unfair" Conduct or Practice.**

Plaintiff has failed to allege facts sufficient to demonstrate that Defendant engaged in any unfair conduct or practice. In Illinois, to determine whether a course of conduct is "unfair" under the ICFA, the Court should consider (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers. *Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F. Supp. 2d 976, 978 (Shadur, J.) (N.D. Ill. 2006). All three of these factors do not need to be present for a particular practice to be "unfair." *Id*. at 979; *see also W. Ry. Devices Corp.*, 2006 WL 1697119, at *4. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. *Rossario's*, 443 F. Supp. 2d at 979. Claims brought under the ICFA must allege with particularity and specificity the unfair business practices of the defendants. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 502 (1996).

- 4 -

Here, Plaintiff's allegation of the transmission of two single-page advertisements, is not "oppressive" and did not cause substantial injury to Plaintiff. At most, Plaintiff has only alleged that the transmission of the fax violated public policy. However, several courts have held in virtually identical circumstances, that merely alleging a violation of public policy is insufficient to establish an "unfair" practice under the Illinois Consumer Fraud Act. *See e.g., Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc.*, 443 F. Supp. 2d at 979; *W. Ry. Devices Corp.*, 2006 WL 1697119, at *3; *Zoes v. North Am. Bancard, Inc.*, No. 04 CH 1614, 2004 WL 5333438, at *7 (Ill. Cir. Ct. Oct. 6, 2004); *Whiting Corp. v. MSI Mktg., Inc.*, No. 02 CH 6332, slip op. at *17-18, (Ill. Cir. Ct. Apr. 2, 2003). Furthermore, Plaintiff's Complaint is woefully lacking in particularity and specificity under Rule 9(b) as to why or how the claimed sending of the fax is unfair. As the Illinois Supreme Court has held, Plaintiff's "…bare assertion of unfairness without describing in what manner the [alleged acts of defendant] either violate public policy or are oppressive is insufficient to state a cause of action…" *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 421 (2002).

Count I of Plaintiff's Complaint should be dismissed because Plaintiff has failed to sufficiently allege that the transmission of the faxes to Plaintiff was an "unfair" act or practice for purposes of the ICFA or that the Defendant intended the transmission of the faxes be unfair to the Plaintiff.

a.    **The Transmission of Two Single-Page Fax Advertisements Is Not "Oppressive" Conduct For Purposes of the ICFA.**

Plaintiff fails to allege that the transmission of two one-page advertisements is "oppressive" conduct. Plaintiff alleges that on September 25, 2006, it received a one-page fax advertisement from Defendant. (Compl. ¶ 7.) Plaintiff also alleges that on October 9, 2006, it received a second one-page fax advertisement from Defendant. (Compl. ¶ 8.) Plaintiff does not

allege that it received more than these two faxes from Defendant. Nor does Plaintiff allege that Defendant failed to honor a request from Plaintiff not to receive future faxes. Furthermore, Plaintiff does not allege that these one-page faxes caused any disruption to its business or the operation of its fax machine. Even assuming the truth of Plaintiff's allegations, Plaintiff has failed to allege any conduct that rises to the level of oppression required to constitute an "unfair" act or practice under the ICFA.

The transmission of an unsolicited fax advertisement does not constitute an "unfair" practice under the ICFA. *See Rosario's*, 443 F. Supp. 2d at 979; *W. Ry. Devices Corp.*, 2006 WL 1697119, at *5. "The Plaintiffs allege the conduct is oppressive, yet they allege only one three page facsimile transaction to the Plaintiff. This, by inference, suggests minimal disruption of one's business or occupation. *This conduct does not rise to the level of oppression envisioned by the drafters of ICFA."* *Weiss, Sugar, Dvorak & Dusek v. Human Res. Store, Inc.*, No. 03 CH 21867 (Ill. Cir. Ct. Oct. 12, 2004) (emphasis added); *Zoes,* 2004 WL 5333438, at *7; *Whiting Corp.*, slip op. at *17-18. Similarly, in this case, Plaintiff's allegations are insufficient to allege an "unfair" act or practice under the ICFA. Therefore, Plaintiff's claim should be dismissed.

> **b.    Plaintiff Has Failed to Allege That The Transmission Of Two Single-Page Faxes from Defendant Caused Plaintiff To Suffer Substantial Injury.**

Plaintiff has also failed to sufficiently allege that it suffered substantial injury and thus fails to state a claim under the ICFA. A practice causes substantial injury to consumers if it causes significant harm to the plaintiff and has potential to cause injury to a large number of consumers. *See W. Ry. Devices Corp.*, 2006 WL 1697119, at *6.. Plaintiff alleges that it "suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result," but only alleges the receipt of two one-page faxes. (Compl. ¶¶ 7, 8.) Courts have held that similar allegations are insufficient to constitute substantial injury in

- 6 -

rejecting the sufficiency of an ICFA claim. *See e.g., W. Ry. Devices Corp.*, 2006 WL 1697119, at *5; *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *3 (Ill. Cir. Ct. Oct. 19, 2004) (damages resulting from conversion of the paper and toner necessary to print unsolicited facsimile "are miniscule, i.e., pennies per plaintiff); *Zoes*, WL 5333438, at *7 (same); *accord Weiss, Sugar, Dvorak & Dusek*, No. 03 CH 21867 at *13-14.

Plaintiff's allegation that Defendant derived an "unfair competitive advantage over businesses that advertise lawfully (Compl. ¶ 36) is also insufficient to state an ICFA claim based on an "unfair practice" under the ICFA. A private cause of action brought under the ICFA for an allegedly "unfair" act requires that the plaintiff itself suffer an actual, substantial injury as a result of the act. *W. Ry. Devices Corp.*, 2006 WL 1697119, at *6. Whatever injury, if any, Defendant's competitors suffered as a result of Plaintiff's receipt of the faxes is irrelevant to whether Plaintiff can establish its ICFA claim against Defendant. Moreover, although Plaintiff also alleges that the sending of the faxes caused class members to suffer damages, where a putative class representative has no valid claim in his own right, he cannot bring such a claim on behalf of a putative class. *W. Ry. Devices*, 2006 WL 1697119, at *6. Plaintiff has failed to allege that it personally suffered substantial injury under the ICFA. Therefore, its allegations regarding the alleged damages of the proposed class have no bearing on whether Plaintiff has sufficiently alleged that it has suffered the substantial injury necessary to plead a cause of action under the ICFA.

> **2.     Plaintiff Has Failed to Allege That Defendant Intended the Transmission of The Fax to Be Unfair to the Plaintiff.**

Plaintiff has also failed to allege that Defendant intended that the transmission of the two single-page faxes be unfair to Plaintiff. *Connick*, 174 Ill. 2d at 502. In fact, Plaintiff's failure to allege that Defendant intended the transmission of the faxes to be unfair to Plaintiff is grounds

CHICAGO/#1739585.1

for dismissal under Rule 12(b)(6). *See Stern v. Norwest Mortgage, Inc.*, 179 Ill. 2d 160, 169 (1997) (dismissing ICFA claim because, among other reasons, plaintiff failed to allege that defendant intended that the act be unfair to the plaintiff). To the contrary, the allegations of Plaintiff's Complaint and the two one-page facsimiles attached as exhibits reflect nothing more than good faith attempts by an Accubuilt employee to promote the Defendant's products.

> **3.    The Failure To Include A Prohibition Against Unsolicited Telephone Facsimile Transmissions In The ICFA Prevents A Finding Of A Per Se Violation Of The ICFA.**

The text of the Illinois Consumer Fraud Act fails to include Illinois' prohibition against unsolicited telephone facsimile transmissions in Section 2Z of the ICFA. (815 ILCS 505/2Z). Courts have held that such a failure prevents a finding of a per se violation of the ICFA. *Whiting Corp.*, No. 02 CH 6332, at *18. (internal citations omitted). As the Illinois Supreme Court has held, when certain acts are prohibited by a statute, that enumeration implies the exclusion of all other things even if there are no negative words of prohibition. *See e.g., In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 552 (1956); *see also Lunde v. Rockford Pub. Library Bd.*, 153 Ill. App. 3d 803, 809-10 (1987); *In re Estate of Orzoff*, 116 Ill. App. 3d 265, 268, (1983). Because there is no indication in the language of the ICFA to suggest that the legislature's intent was to provide that sending unsolicited facsimile transmissions constitutes a violation of the Consumer Fraud Act, Plaintiff cannot and does not sufficiently plead a claim for violation of the ICFA. Therefore, Plaintiff's Count II claim for violation of the ICFA should be dismissed.

> **B.    Plaintiff's Conversion Claim Should Be Dismissed Because The Property That Was Allegedly Converted Cannot Be The Subject of a Conversion Claim and There Was No Demand For Return Of The Property.**

Plaintiff's conversion claim should be dismissed because Plaintiff has failed to sufficiently plead a cause of action for conversion. Plaintiff alleges that Defendant converted "ink or toner and paper belonging to plaintiff." (Compl. ¶ 46.) The ink or toner and paper that

- 8 -

were allegedly converted by Defendant are not "specific chattel" that can be the subject of a

conversion claim, and therefore Plaintiff's allegations do not state a claim for conversion under

Illinois law. *See Rossario's*, 443 F. Supp. 2d at 980; *Film & Tape Works, Inc. v. Junetwenty*

*Films, Inc.*, 386 Ill. App. 3d 462, 475 (1st Dist. 2006) ("The subject of conversion is required to

be an identifiable object of property of which the plaintiff was wrongfully deprived.").

Furthermore, Plaintiff fails to allege that it ever made a demand for return of the "property" that

was allegedly converted, as required to state a claim for conversion. *See Roderick Dev. Inv. Co.,*

*Inc. v. Cmty. Bank of Edgewater*, 282 Ill. App. 3d 1052, 1057 (1996) (requiring allegation of

demand for return of property to state conversion claim). The absence of any allegation of a

demand for return of the property renders Plaintiff's conversion claim insufficient, and highlights

Plaintiff's attempt to undermine the fact that the property at issue is not an appropriate subject

for a tortuous conversion claim.

### 1.     "Ink or Toner and Paper" Is Not Specific Chattel That Can Be The Subject of A Conversion Claim.

"Conversion is the wrongful deprivation of one who has a right to the immediate

possession of the object unlawfully held." *Rossario's*, 443 F. Supp. 2d at 980. Under Illinois

law, to sufficiently allege a claim for conversion, Plaintiff must allege: (1) the defendant's

unauthorized and wrongful act of control, dominion or ownership over the plaintiff's property;

(2) the plaintiff's right in the property; (3) the plaintiff's right to immediate possession of the

property, absolutely and unconditionally; and (4) the plaintiff's demand for possession of the

property. *Roderick*, 282 Ill. App. 3d at 1057. The subject of a conversion claim must be a

"specific chattel," i.e., an "identifiable object of property." *See Rossario's*, 443 F. Supp. 2d at

980; *In re Thebus*, 108 Ill. 2d 255, 260 (1985). Furthermore, an asserted "…right to an

indeterminate amount of money is insufficient to maintain a cause of action in conversion."

CHICAGO/#1739585.1

*Roderick*, 282 Ill. App. 3d at 1059 (internal citations omitted).

In this case, Plaintiff has not alleged that Defendant converted any specific or identifiable property. Rather, Plaintiff alleges only that Defendant converted an indeterminate amount of "ink or toner and paper" without any further detail. (Compl. ¶ 48.) Because these materials cannot be easily segregated or identified, Plaintiff fails to adequately plead a cause of action for conversion.

> **2.    Defendant Never Unlawfully Held And Plaintiff Does Not Allege That It Made A Demand For Return Of Any Allegedly Converted Property.**

Even if the Court were to accept the argument that "ink and toner and paper" constitute the necessary "specific chattels", the alleged specific chattels never came into Defendant's possession and was never unlawfully held by Defendant. *See Rossario's*, 443 F. Supp. 2d at 980. Moreover, Plaintiff has failed to sufficiently plead a cause of action for conversion because it does not allege that it made a demand for return of any of the allegedly converted property. Allegation of a demand for return of the property is a required element of a conversion claim under Illinois law. *Roderick*, 282 Ill. App. 3d at 1052. Here, Plaintiff has not alleged that it made a demand for any amount of "ink or toner and paper" that was allegedly converted. (Compl. ¶¶ 45-51.) Accordingly, Plaintiff's Count III claim for conversion should be dismissed.

<u>CONCLUSION</u>

For the reasons stated above and in its accompanying Motion to Dismiss, Count II and Count III of Plaintiff's putative Class Action Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to sufficiently plead a cause of action for which relief may be granted.

- 10 -

Respectfully submitted,

ACCUBUILT, INC.


By: s/         Thomas P. Cimino, Jr.
              One of Its Attorneys


Thomas P. Cimino, Jr., Bar No. 06195940
Brian W. Ledebuhr, Bar No. 06294417
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
Dated: January 28, 2008

- 11 -