## EXHIBIT A

### DEFENDANTS JOINING IN
### CONSOLIDATED MOTIONS TO DISMISS IN RELATED TCPA CASES

| | |
|---|---|
| 02 CH 1189 | Goldberg v. Wall Street Alert |
| 02 CH 6332 | Whiting Corp v. MSI, Y2K Marketing |
| 02 CH 6333 | Whiting Corp v. BECO Group (not joining in conversion motion because no conversion count alleged against BECO) |
| 02 CH 6335 | Whiting Corp v. PageComm of Illinois |
| 02 CH 6336 | Whiting Corp v. Fax.Com, Inc. |
| 02 CH 6905 | Bernstein v. American Family & Bezanis |
| 02 CH 6908 | Bernstein v. Fax.Com, Inc. |
| 02 CH 7365 | Bernstein v. David and Fiducia, Inc. |
| 02 CH 7687 | Whiting Corp v. Lucas Associates |
| 02 CH 7745 | Construction v. Gersten Financial |
| 02 CH 7748 | Construction Consulting Grp v. Qwest Communications, Inc. |
| 02 CH 7824 | Construction v. PageComm of Illinois |
| 02 CH 7827 | Construction v. Superior Marketing |
| 02 CH 8362 | Phillips v. Consolidate Steel Supp (not joining in conversion motion because no conversion count alleged Consolidated Steel & Supply Co.) |
| 02 CH 8364 | Phillips v. Midco, Inc. |
| 02 CH 8641 | Elliot-Dunne v. Judicial Attorney Service |
| 02 CH 8714 | Martin v. Onstaff, Inc. |
| 02 CH 10491 | Elliot-Dunne v. Voicestream Wireless |

20

| | |
|---|---|
| 02 CH 10852 | Elliot-Dunne v. Spradling |
| 02 CH 10890 | Schlosser v. MSI Marketing |
| 02 CH 10919 | Brill v. Johnson |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Weiss, Sugar, Dvorak & Dusek | )<br>) |
| Plaintiff, | ) 03 CH 21867<br>) Judge Patrick E. McGann |
| vs. | ) Calendar 6<br>) |
| Human Resource Store, Inc., et al | )<br>) |
| Defendant. | ) |

**Memorandum Opinion and Order**

This matter comes before the Court on the combined Motion to Dismiss pursuant to 735 ILCS 5/2-619.1 alleging grounds under Sections 2-615 and 619 (a).

I.  **Legal Standard**

A section 2-615 motion attacks the legal sufficiency of the Plaintiff's claim. The motion does not raise affirmative factual defenses, but rather alleges defects only on the face of the complaint. The question presented by a section 2-615 motion to dismiss is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle the plaintiff to recover. *Vernon v Schuster* 179 Ill. 2d 338, 344 (1997); *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86-87 (1996).

Section 2-619 affords a means of obtaining a summary disposition of issues of law or easily proven issues of fact. Subsection (a) (9) permits dismissal where "the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating a claim."

The phrase affirmative matter encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. For that reason, it is recognized that a 2-619 (a) (9) motion to dismiss admits the legal sufficiency of the plaintiff's cause

of action much in the same way that a 2-615 motion to dismiss admits a complaint's well-pleaded facts. *Kedzie & 103rd Currency Exchange v Hodge*, 156 Ill. 2d 112, 115 (1993).

## II. Well-Pled Facts

The Defendants are alleged to have sent a three-page bold faced type telephone facsimile message to the Plaintiff with neither permission nor invitation. The message offered the opportunity to attend a seminar on recruiting or hiring personnel. The opportunity to purchase video training tapes or obtain consulting services in these areas.

When the message is received by the Plaintiff's telephone facsimile machine it prints the message on the Plaintiff's paper. This allows, it is alleged, the Defendants to pass their advertising costs on to the Plaintiff. The fax contains a "memo" format message from Mr. Ruh offering consulting services, as well as, a solicitation for the purchase of the described goods and services from the Human Resource Store, Inc.

This conduct is alleged to constitute a violation of the Telephone Consumer Protection Act ("TCPA"),[1] common law conversion and a violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA").[2]

## III. Discussion

### A. Constitutional Issues

The defendants in their Motion to Dismiss the Plaintiff's claims brought pursuant to the TCPA, assert that the regulation of advertisement by telephone facsimile is unconstitutionally vague and unnecessarily impinges on freedom of speech rights granted by the First Amendment. In addition, they argue that the TCPA violates the advertiser's Due Process Rights under the Fifth and Fourteenth Amendments and imposes excessive fines in violation of the Eighth Amendment.

The Telephone Consumer Protection Act provides in relevant part: "It shall be unlawful for any person…to use any (transmitting device)…to send an unsolicited advertisement to a telephone facsimile machine."[3] The term "unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without that person's prior

---

[1] 47 U.S.C. § 227
[2] 815 ILCS 505/2 et seq.
[3] 47 U.S.C. 227 (b)(1)(c)

2

express invitation or permission."[4] Thus, the TCPA prohibits only commercial advertising.

As the statute in question seeks to regulate commercial speech, it must meet the test set out in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 57 (1980). Initially, it must be observed that commercial speech is different from other varieties of speech because it proposes a commercial transaction which traditionally occurs in an area subject to governmental regulation. *Ohralik v. Ohio State Bar Assn.*, 436 U.S. 447, 445-456 (1978). However, any regulation of such speech must be cognizant of the controlling principle that our union depends on a free enterprise economy. The allocation of societies resources depend upon a free flow of information. Thus, it is in society's interest that a free flow of information be maintained so that the consumer has enough information to make intelligent and well informed decisions. *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council Inc.*, 425 U.S. 748 (1976).

In order to maintain the balance between the limited ability of government to regulate commercial speech and the consumer's right to the full and free flow of information, the Court in *Central Hudson* adopted a four part analysis to determine the constitutionality of any proposed restriction on commercial speech. First, the court must determine whether the speech comes within the First Amendment. To be protected, such speech must concern lawful activity and not be misleading. Next, the court must determine whether the government's interest in regulating the communication is substantial. If these two tests are met, then a determination must be made as to whether the regulation directly advances the governmental interest asserted and whether it is not more extensive than necessary to serve the asserted interest. *Central Hudson*, 447 U.S. at 566.

Applying this analysis to the TCPA's ban on unsolicited telephone facsimile advertising, it is clear there is no claim that any of the information distributed is misleading or promotes any illegal activity.

The Plaintiffs bear the burden of establishing that the legislation survives the remainder of the analysis. *Florida Bar v. Went For It, Inc.*, 515 U.S. 618 (1995). The Plaintiffs and the intervening Petitioner United States of America, posit that the TCPA

---

[4] 47 U.S.C. 227(a)(4).

3

was enacted to address the substantial government interest of preventing the shifting of the cost of advertising to the potential consumer and the economic disruptions caused by the intrusive activity of the defendants. The Plaintiffs include this later interest under the broad umbrella of "invasion of privacy." The court's determination of substantial governmental interest is limited to these two pronouncements. This court cannot engage in supposition to find additional interests in need of protection. *Edenfield v. Fane*, 507 U.S. 761, 768 (1992). The burden of establishing these interests is not satisfied by mere speculation or conjecture. There must be a demonstration that the harms cited are real. *Edenfield*, 507 U.S. at 770-71. The evidence of the governmental interest can come from anecdotes, studies, literature published in the issue, 507 U.S. at 771-773; *See also Florida Bar*, 515 U.S. at 626-627.

The Plaintiff observes that 15 states, including Illinois, have enacted similar bans on unsolicited facsimilies. They also note that two separate Congresses held hearings on the issue. Subcommittees took testimony on the issue and members noted anecdotal information from constituents on the issue. One Congressman, Edward Mackey of Massachusetts, likened receiving an unsolicited fax to receiving "junk mail with the postage due." Private citizens from various walks of life, including the legislative counsel for the American Civil Liberties Union, noted the burden imposed on consumers by the cost shifting effect of receiving an unsolicited advertisement by telephone facsimile.

The Congress also received testimony as to the business disruption caused by this activity. Witnesses testified as to the inability to access equipment because it was occupied by an uninvited user. Evidence was also taken which indicates necessary or anticipated communications were disrupted.

There is no record of similar proceedings in the Senate. However, the bills of both Houses were reconciled in committee. The Court, without invading the separation of powers, cannot find or conjecture that anything but a complete consideration of the issues occurred when the TCPA was enacted.

In reviewing the constitutionality of a statute, courts must accord substantial deference to the predictive judgments of Congress. The Supreme Court has recognized that Congress is better equipped than the judiciary to amass and evaluate the vast amounts of

6