The rationale in *International Science and Technology Institute, Inc., v. Inacom Communications, Inc.*, 106 F. 3d 1146 (4th Cir. 1997) is of significant interest. After determining the TCPA granted exclusive jurisdiction for the private right of action to state courts, the court noted that the TCPA was enacted, in part, in response to claims by several states that efforts to curb unsolicited facsimile messages were being thwarted by the simple fact that many of these messages were traveling in interstate commerce, an area the States designated to be regulated by Congress in ratifying the U.S. Constitution. The Court then acknowledged the role of the Supremacy Clause in our constitutional structure. After expressing concern that Congress not impermissively usurp state resources as prohibited by *New York v. United States*, 505 U.S. 144 (1992), the Court stated any potential conflict was avoided by allowing states to affirmatively deny access to its courts for the private prosecution of TCPA claims.

This reasoning is persuasive to this Court. This approach strikes a balance between the Congress' right to regulate interstate commerce and the state's right to allocate its resources to problems it deems necessary and important. The TCPA only encourages state participation in Congress' regulatory scheme. Local officials, accountable to their electors, make the decisions as to state priorities. This also recognizes the role of the Supremacy Clause in our dual sovereign form of government.

Thus, this Court finds no prohibition to the maintenance of a private right of action for violation of the TCPA in state courts because Illinois has not acted to decline jurisdiction over these matters.

### C. Conversion Claim

In their complaint, the Plaintiffs allege that the Defendants sent telephone facsimile messages to the Plaintiffs without obtaining prior permission. The complaint further alleges, prior to the initiation of the transmission, each plaintiff had purchased paper and toner for their respective use and had an immediate right to the possession and use of these items. Plaintiffs further allege that the receipt of the unsolicited facsimile message resulted in the unauthorized use of toner and paper by the defendant's which rendered these items unusable by the Plaintiffs.

To sufficiently allege conversion a plaintiff must allege: 1) the defendant's unauthorized and wrongful act of control, dominion or ownership over the plaintiff's

11

personal property; 2) the plaintiff's right in the property; 3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally; and, 4) the plaintiff's demand for possession of the property. *Roderick Development Investment Company, Inc. v. Community Bank of Edgewater*, 282 Ill. App. 3d 1052 (1996).

At the outset, it must be noted that the complaint does not allege conversion of the Plaintiff's fax machine, only its paper and toner. The Defendants assert that conversion cannot lie because the Plaintiffs had placed the paper and toner in the machine and prepared it for accepting facsimile messages from many sources. This act or series of acts, it is argued, parts with exclusive control of the property and defeats the claim.

This argument ignores the simple fact that the Plaintiffs can rely on others to obey the law. Federal and State law make the conduct engaged by the Defendants, if true, not only civilly, but also criminally wrong. The Plaintiff has the right to give up its exclusive control of its property as it deems appropriate. The Defendants cannot take it to advance commercial prospects.

Therefore, the Court finds there are sufficient allegations to state a claim for conversion.

### D. Illinois Consumer Fraud and Deceptive Practices Act

In their motion, the Defendants assert that the factual allegations are insufficient to support a claim that the defendants engaged in "deceptive" or "unfair" conduct prohibited by ICFA. Finally, they note that any statutes alleged to be violated by their conduct doe not support a "per se" violation of ICFA. The Court will analyze these arguments in the order perceived to be most useful.

Initially, it should be observed that the parties agree there are no allegations of deceptive practices. Thus, in order to establish a claim the Plaintiffs must allege ultimate facts that show the Defendants engaged in unfair practices. In *Robinson v. Toyota Motor Credit Corporation*, 201 Ill. 2d 403 (2002), our Supreme Court discussed the elements of such a claim. ICFA is a regulatory remedial statute designed to protect consumers against unfair business practices and is to be liberally construed to effectuate its purpose. *Cripe v. Leiter*, 184 Ill. 2d 185, 191 (1998).

In *Robinson*, the Court defined the elements of an unfair business practice. In essence, the Court adopted the three part test cited with approval in *F.T.C. v. Sperry & Hutchinson*

Co., 405 U.S. 233 (1972). Therefore, in order to measure whether a business practice is unfair, a court msut consider the following factors: 1) whether the practice offends public policy; 2) whether it is immoral, unethical, oppressive or unscrupulous, and 3) whether it casues substantial injury to consumers. *Robinson*, 201 Ill. 2d at 417-418. The Court also noted that all three factors need not be met. Rather, the Court adopted the reasoning of the Connecticut Supreme Court in *Chesire Mortgage Service, Inc. v. Montes*, 223 Conn. 80, 106 (1992). That Court, in a case involving "loan churning" observed that all three criteria need not be satisfied in order to support of unfairness. Rather, a practice may be unfair because of the degree to which it means one of the criteria or because to a lesser extent it meets all three. *Chesire*, 223 Conn. at 106.

As the claim is brought under ICFA the complaint must allege with particularity and specificity the unfair business practices of the defendants. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 502 (1996). The Plaintiffs fail to recognize that in a Section 2-615 Motion, the complaint must stand on its own, thus, reference to citations issued by the FCC, reports or hearings are not relevant to the issues and will not be considered in resolving this Motion.

The well pled facts, taken as true for purposes of this Motion, are set out above. There is no question that transmitting unsolicited telephone facsimile advertisements violates public policy. First, the Criminal Code of 1961, as amended, prohibits this activity. See, 720 ILCS 5/26-3. Knowledge is defined by the Code in Section 5/4-5. A person acts knowingly when he is consciously aware that a result is practically certain to be caused by his conduct. 720 ILCS 5/4-5(b). There can be no question than any individual who causes a telephone facsimile transmission to occur acts knowingly. In addition, the failure of Illinois to "opt out" of the private enforcement of the TCPA suggests that is the public policy of Illinois as well.

The Plaintiffs allege the conduct is oppressive, yet they allege only one three page facsimile transactions to the Plaintiff. This, by inference, suggests minimal disruption of one's business or occupation. This conduct does not rise to the level of oppression envisioned by the drafters of ICFA.

The final factor requires the allegation of substantial injury to the consumer. In discussing the count alleging conversion, the Court indicated the doctrine of *de minimus*

13

*non curat lex* had no application in this matter. A complete review of the cited authorities confirms this position. No case cited involved a tort claim. They involved complaints of short redemption deposits in foreclosure cases, errors in summing damages or computing interest. The Court acknowledges that the Plaintiff's are not entitled to receive nominal or presumed damages in a claim under ICFA. *Duran v. Leslie Oldsmobile, Inc.*, 229 Ill. App. 3d 1032, 1041 (1992). There are no facts from which the Court can determine the amount of damages incurred by the suggested class plaintiff or consumers as a whole. The term "substantial" is clearly a conclusion.

Thus, evidence of only one of the *Robinson* factors are found in the Plaintiff's complaint. This Court concludes that the Plaintiff has not stated a claim under ICFA. In reaching this decision, the Court recognizes that the failure to include Illinois' prohibition against unsolicited telephone facsimile transmissions in Section 2Z of ICFA (815 ILCS 505/2Z, also prevents a finding of a per se violation of ICFA. *Illinois ex rel. Daley v. Grady*, 192 Ill. App. 3d 330, 332 (1989).

Therefore, the Count of the Complaint alleging a violation of the Illinois Consumer Fraud and Deceptive Practices Act is Dismissed.

### E. Adequacy of Class Allegations

The Defendants assert that under the rationale of *Weiss v Waterhouse Securities, Inc.*, 208 Ill. 2d 439 (2004). In order for this Court to allow the matter to continue as a class action, the complaint must allege sufficient facts that, if true, establish a right of recovery in each class member. This cannot be done, it is argued, because the Plaintiff's proof of their claim would not necessarily establish that every person who received a telephone facsimile message did not give express permission or invitation to the Defendants. This argument fails.

First, it appears that the Defendants are attempting to expand the rather narrow scope of the *Weiss* Court ruling. The Court acknowledged the significantly different standards to be applied in determining whether a claim filed on behalf of a class is legally sufficient to pass muster under a Section 2-615 analysis. This requires the allegation of facts, when considered in the light most favorable to the pleader, that allege every element of the claim, as well as, the prerequisites for a class action. *Weiss*, 208 Ill. 2d at 453-454. These allegations are made in the absence of discovery related to class certification issues.

The motion to certify a class, however, requires that the elements to employ the procedural class action device be established by reference to facts admitted or gleaned through the discovery process. *Id.* at 453. It may well be that the Plaintiff was the only person aggrieved by the Defendants' transmission of the message. This could occur because there was only one facsimile message sent by the Defendants during the applicable statute of limitations. It may be that the telephone number to which the message was sent was the only one with whom the defendants had no prior existing relationship. These are evidentiary matters that cannot be used to support the potion of the 2-615 motion based on this point.

IV. Order

A. The Defendants' Motion to Dismiss is denied as it relates to the allegations justifying the use of the class action procedural devise, violation of the TCPA and conversion. It is granted as to the Plaintiff's ICFA claim. The Plaintiff is not given leave to replead this claim without leave of Court;

B. The Defendants shall answer the Complaint within 28 days of the initial bench ruling on this matter.

Enter _____
Judge              1510

**ENTERED**

OCT 12 2004

JUDGE
PATRICK McGANN - 1510

15