IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BALLARD NURSING CENTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 260 |
| | ) | |
| ACCUBUILT, INC., | ) | Judge Gettleman |
| and JOHN DOES 1-10, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Ballard Nursing Center, Inc., by and through its attorneys respectfully request that the Court enter an order granting it leave to amend its complaint and deem the amended complaint filed *instanter*. A copy of plaintiff's proposed Amended Complaint is attached hereto as Appendix A.

In support of its motion, plaintiff states:

1. This action was filed in state court on December 7, 2007.

2. Defendant filed a notice of removal on January 11, 2008.

3. On January 28, 2008, defendant filed a Motion to Dismiss Counts II and III of plaintiff's complaint which is noticed for presentment on February 5, 2008.

4. Plaintiff now seeks to amend its complaint in order to remove Counts II and III and alter the jurisdictional allegations relating to Count I.

5. Fed.R.Civ.Proc. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to

amend a complaint if there is a substantial reason to do so.  Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial");  Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

6.  The amendments will not cause any prejudice to the defendant.  See Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

7.  Plaintiff files its motion in good faith and for good cause.

WHEREFORE, Ballard Nursing Center, Inc. respectfully requests that the Court enter an order granting it leave to file the amended complaint attached hereto as Appendix A, and deem it filed *instanter*.

        Respectfully submitted,

        /s/ Julie Clark
        Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200

(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Julie Clark, certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

tcimino@vedderprice.com

bhahn@vedderprice.com

bledebuhr@vedderprice.com

                                                                    /s/Julie Clark
                                                                    Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)