IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BALLARD NURSING CENTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 260 |
| | ) | |
| ACCUBUILT, INC., | ) | Judge Gettleman |
| and JOHN DOES 1-10, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendants. | ) | |

**GMR**

**FILED**
**FEBRUARY 5, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Ballard Nursing Center, Inc. brings this action to secure redress for the actions of defendant Accubuilt, Inc. in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff Ballard Nursing Center, Inc. is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

4. Defendant Accubuilt, Inc. is a Delaware corporation that has offices at 2550 Central Point Pkwy., Lima, OH 45804. Its registered agent and office are CT Corporation System, 1300 E. 9th Street, Cleveland, OH 44114.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1367.

7. Venue and personal jurisdiction in this District are proper because:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

## FACTS

8. On or about September 25, 2006, plaintiff Ballard Nursing Center, Inc. received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

9. On or about October 9, 2006, plaintiff Ballard Nursing Center, Inc. received the unsolicited fax advertisement attached as <u>Exhibit B</u> on its facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendant Accubuilt, Inc. is responsible for sending or causing the sending of the faxes.

12. Defendant Accubuilt, Inc. as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

13. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

14. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

15. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

16. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

17. Plaintiff incorporates ¶¶ 1-16.

18. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations**

>     prescribed under this subsection to enjoin such violation,
>
>     **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>     **(C)** both such actions.
>
>     **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

20. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

21. Plaintiff and each class member is entitled to statutory damages.

22. Defendants violated the TCPA even if their actions were only negligent.

23. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Accubilt, Inc. , and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Accubilt, Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

25. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

26. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

27. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

29. Several courts have certified class actions under the TCPA. <u>Travel 100</u>

Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

30.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    An injunction against the further transmission of unsolicited fax advertising;

    d.    Costs of suit;

    e.    Such other or further relief as the Court deems just and proper.

    /s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200

(312) 419-0379 (FAX)
Atty. No. 41106

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

   /s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\18292\Pleading\First Amended Complaint_Pleading.WPD

# EXHIBIT A

Case 1:08-cv-00260 Document 192 Filed 05/22/08 Page 9 of 12

SALES •(800) 837-8624 • FAX •(574)262-1392• Ext. 122

**ACCUBUILT.**

# ORDER NOW AND RECIEVE
# A FREE 5.4L ENGINE UPGRADE ON
# OUR 2006 FORD EXTENDED E-250 VAN

# $875.00
# COST SAVINGS!
## LIMITED SUPPLY!!

•EPA fuel economy ratings City 15/hwy 20•
Only a 1 mpg difference when compared to a
SMALLER LESS POWERFULL 4.6L V8!!

**Chassis Specs:**

- 5.4 Liter EFI V-8 engine

- Electronic 4-speed automatic transmission with overdrive

- Transmission cooler

- 110-amp alternator

- Heavy-duty springs and shocks

- 8,600 lbs. GVWR load capacity (3,700 lbs/front axle, 5,360 lbs/rear axle)

- Power-assisted steering with adjustable-tilt steering column

- Front-cabin air conditioner/heater control

- Tinted safety glass windows

- 35-gallon capacity fuel tank



**ACCUBUILT.**
*The Leading Manufacturer of Specialty Vehicles.*

Contact _____

SALES •(800) 837-8624• Ext.122
Please Use Promo Code: FAX

To be removed from our list immediately go to www.deletemyfaxnumber.com enter PIN#13463 or call 877-284-7887. To be removed from our list within 30 days write your 10-digit fax number on this fax and fax this document back to 877-225-6262.

# EXHIBIT B

Case 1:08-cv-00260    Document 92    Filed 05/22/08    Page 11 of 12




# ACCUBUILT.
The Best Built Vans In The Industry

**1-888-242-4782 ♦ FAX 419-222-4405**

*We are scaring the competition with our "RAPID" delivery times and our Superior Quality!*

**BOO!!**



**\*Esimated Delivery Time 4-5 Weeks**



\* Call today to reserve manufacturing time to build your mobility van for "Rapid" delivery.

\*Act now and take advantage of our October in stock specials and 2006 rebate incentives while you can!

**CONTACT YOUR SALES REPRESENTATIVE: MIKE MALCHOW ♦ (419) 236-2669**

To be removed from our list immediately go to www.deletemyfaxnumber.com enter PIN#13463 or call 877-284-7887. To be removed from our list within 30 days write your 10-digit fax number on this fax and fax this document back to 877-225-6262.