IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALLARD NURSING CENTER, INC., | |
| Plaintiff, | |
| v. | No.  08 C 260 |
| ACCUBUILT, INC. and JOHN DOES 1-10, | Judge Robert W.  Gettleman |
| Defendants. | Magistrate Judge Ashman |
| | **Defendant Demands Trial by Jury** |

**ACCUBUILT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Accubuilt, Inc. ("Accubuilt" or "Defendant"), for its Answer to Plaintiff's

First Amended Class Action Complaint ("First Amended Complaint"), states as follows:

**INTRODUCTION**

**ALLEGATION NO. 1:**

Plaintiff Ballard Nursing Center, Inc. ("Ballard" or "Plaintiff") brings this action to
secure redress for the actions of defendant Accubuilt, Inc. in sending or causing the sending of
unsolicited advertisements to telephone facsimile machines in violation of the Telephone
Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815
ILCS 505/2 ("ICFA"), and the common law.

**ANSWER:**

Accubuilt admits that Plaintiff brings this case based upon the TCPA.  Accubuilt denies

that it has violated the TCPA.  Accubuilt further denies that Plaintiff brings this case based upon

the ICFA or common law, as no such claims are stated in the First Amended Complaint.

Accubuilt denies any remaining allegations contained in Paragraph 1 of the First Amended

Complaint.

**ALLEGATION NO. 2:**

The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**ANSWER:**

Accubuilt admits that the TCPA exists. Accubuilt denies the remaining allegations

contained in Paragraph 2 of the First Amended Complaint.

## PARTIES

**ALLEGATION NO. 3:**

Plaintiff Ballard Nursing Center, Inc. is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

**ANSWER:**

Upon information and belief, Accubuilt admits that Plaintiff is a corporation with offices

in Cook County, Illinois. Accubuilt is without sufficient information to form a belief as to the

remaining allegations contained in Paragraph 3 of the First Amended Complaint.

**ALLEGATION NO. 4:**

Defendant Accubuilt, Inc. is a Delaware corporation that has offices at 2550 Central Point Pkwy., Lima, OH 45804. Its registered agent and office are CT Corporation System, 1300 E. 9th Street, Cleveland, OH 44114.

**ANSWER:**

Accubuilt admits the allegations contained in Paragraph 4 of the First Amended

Complaint.

**ALLEGATION NO. 5:**

Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

CHICAGO/#1748422.3

**ANSWER:**

Accubuilt makes no response to the allegations contained in Paragraph 5 of the First Amended Complaint, as said allegations are directed to Defendants John Does 1-10. To the extent any allegations in Paragraph 5 of the First Amended Complaint are directed against Accubuilt, it employees or agents, said allegations are denied.

**JURISDICTION AND VENUE**

**ALLEGATION NO. 6:**

This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1367.

**ANSWER:**

Accubuilt admits that this Court has jurisdiction of this matter under, *inter alia*, 28 U.S.C. § 1331. Accubuilt denies that this Court has supplemental jurisdiction under 28 U.S.C. § 1367, as Plaintiff's state-law claims have been dismissed. Accubuilt denies the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

**ALLEGATION NO. 7:**

Venue and personal jurisdiction in this District are proper because:

(a)    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

(b)    Have transacted business in Illinois.

**ANSWER:**

Accubuilt admits that venue and personal jurisdiction in this District are proper. Accubuilt denies the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

CHICAGO/#1748422.3

## FACTS

**ALLEGATION NO. 8:**

On or about September 25, 2006, plaintiff Ballard Nursing Center, Inc. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

**ANSWER:**

Accubuilt is without sufficient information to form a belief as to whether, or on what date, Plaintiff received the facsimile advertisement attached as Exhibit A to the First Amended Complaint. Accubuilt denies the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

**ALLEGATION NO. 9:**

On or about October 9, 2006, plaintiff Ballard Nursing Center, Inc. received the unsolicited fax advertisement attached as Exhibit B on its facsimile machine.

**ANSWER:**

Accubuilt is without sufficient information to form a belief as to whether, or on what date, Plaintiff received the facsimile advertisement attached as Exhibit A to the First Amended Complaint. Accubuilt denies the remaining allegations contained in Paragraph 9 of the First Amended Complaint.

**ALLEGATION NO. 10:**

Discovery may reveal the transmission of additional faxes as well.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 10 of the First Amended Complaint.

**ALLEGATION NO. 11:**

Defendant Accubuilt, Inc. is responsible for sending or causing the sending of the faxes.

CHICAGO/#1748422.3

**ANSWER:**

Accubuilt is without sufficient information to form a belief as to which facsimiles Plaintiff refers to in Paragraph 11 of the First Amended Complaint. To the extent that Plaintiff alleges Accubuilt sent facsimiles in violation of the TCPA, Accubuilt denies said allegations. Accubuilt denies the remaining allegations contained in Paragraph 11 of the First Amended Complaint.

**ALLEGATION NO. 12:**

Defendant Accubuilt, Inc. as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 12 of the First Amended Complaint.

**ALLEGATION NO. 13:**

Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 13 of the First Amended Complaint.

**ALLEGATION NO. 14:**

On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

**ANSWER:**

Accubuilt admits that the facsimiles attached to the First Amended Complaint were sent to multiple parties.

CHICAGO/#1748422.3

**ALLEGATION NO. 15:**

On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER:**

Accubuilt admits that, on information and belief, it transmitted the facsimiles attached to the First Amended Complaint to at least forty (40) other persons in Illinois. Accubuilt denies the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

**ALLEGATION NO. 16:**

There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER:**

Accubuilt is without sufficient information to form a belief as to whether Plaintiff's facsimile machines, or the facsimile machines of others, must be left on and ready to receive communications. Accubuilt denies the remaining allegations in Paragraph 16 of the First Amended Complaint.

## COUNT I - TCPA

**ALLEGATION NO. 17:**

Plaintiff incorporates ¶¶ 1-16.

**ANSWER:**

Accubuilt incorporates its answers to Paragraphs 1-16 of the First Amended Complaint as and for its answer to Paragraph 17 of the First Amended Complaint.

**ALLEGATION NO. 18:**

The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

**ANSWER:**

Accubuilt admits that the quoted words appear in the TCPA. Accubuilt denies the remaining allegations contained in Paragraph 18 of the First Amended Complaint.

**ALLEGATION NO. 19:**

The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**

(a)    **an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

(b)    **an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

(c)    **both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

**ANSWER:**

Accubuilt admits that the quoted words appear in the TCPA. Accubuilt denies the remaining allegations contained in Paragraph 19 of the First Amended Complaint.

**ALLEGATION NO. 20:**

Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiffs statutory right of privacy was invaded.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 20 of the First Amended Complaint.

CHICAGO/#1748422.3

**ALLEGATION NO. 21:**

Plaintiff and each class member is entitled to statutory damages.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 21 of the First Amended Complaint.

**ALLEGATION NO. 22:**

Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:**

Accubuilt denies the allegation contained in Paragraph 22 of the First Amended Complaint.

**ALLEGATION NO. 23:**

Defendants should be enjoined from committing similar violations in the future.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 23 of the First Amended Complaint.

**CLASS ALLEGATIONS**

**ALLEGATION NO. 24:**

Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Accubuilt, Inc., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Accubuilt, Inc. promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

CHICAGO/#1748422.3

**ANSWER:**

Accubuilt admits that Plaintiff attempts to bring a class action on behalf of the persons or entities identified in Paragraph 24 of the First Amended Complaint. Accubuilt denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

**ALLEGATION NO. 25:**

The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 25 of the First Amended Complaint.

**ALLEGATION NO. 26:**

There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    (a)    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    (b)    The manner in which defendants compiled or obtained their list of fax numbers;

    (c)    Whether defendants thereby violated the TCPA;

    (d)    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    (e)    Whether defendants thereby converted the property of plaintiff.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 26 of the First Amended Complaint and affirmatively states that issues pertaining to Plaintiff's state law claims have been dismissed from this case.

**ALLEGATION NO. 27:**

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

Neither plaintiff nor plaintiffs counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 27 of the First Amended Complaint.

**ALLEGATION NO. 28:**

A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 28 of the First Amended Complaint.

**ALLEGATION NO. 29:**

Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind. App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER:**

Accubuilt admits the existence of the cases set forth in Paragraph 29 of the First Amended Complaint. Accubuilt denies the remaining allegations of Paragraph 29 of the First Amended Complaint, further denying the Court should certify the putative class alleged in the First Amended Complaint.

**ALLEGATION NO. 30:**

Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

CHICAGO/#1748422.3

**ANSWER:**

Accubuilt denies the allegations contained in Paragraph 30 of the First Amended Complaint.

<b><u>AFFIRMATIVE DEFENSES</u></b>

1.    Plaintiff's First Amended Complaint fails to state a claim.

2.    Accubuilt has not violated the terms of the TCPA because, among other reasons, Accubuilt had an established business relationship with Plaintiff and/or members of the putative class alleged in the First Amended Complaint.

3.    The facsimiles attached to the First Amended Complaint contain the opt-out language required by the TCPA.

4.    Accubuilt has otherwise complied with the requirements of the TCPA.

**Defendant Demands Trial by Jury.**                    ACCUBUILT, INC.


                                                      By:    ____s/ Thomas P. Cimino, Jr._____
                                                             One of Its Attorneys


Thomas P. Cimino, Jr., Bar No. 06195940
Brian W. Ledebuhr, Bar No. 06294417
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
Dated: March 4, 2008

CHICAGO/#1748422.3